# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
**SANOPHIA STOKES**,

                      Plaintiff,

       -against-

**TARGET CORPORATION,**

                      Defendant.
-----------------------------------------------------------------X

FILED:
INDEX NO:

**SUMMONS**

Plaintiff designates
KINGS County
as the place of trial.

The basis of venue is:
Situs of Occurrence

TO THE ABOVE-NAMED DEFENDANTS:

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       April 23, 2021

The nature of this action is for injuries sustained as a result of the defendant's negligence.

                                           **LIAKAS LAW, P.C**

                                             /s/
                                    _____
                                   BY: Dean N. Liakas, ESQ.
                                   *Attorney for Plaintiff*
                                   65 Broadway, 13th Floor
                                   New York, New York 10006
                                   (212) 937-7765

**Failure to respond, a judgment will be against you, by default and interest from May 25, 2020.**

**Defendant's address:**
| TARGET CORPORATION | | C T CORPORATION SYSTEM |
| --- | --- | --- |
| 1000 Nicollet Mall | AND | 28 Liberty St. |
| Minneapolis, Minnesota, 55403 | | New York, NY 10005 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
**SANOPHIA STOKES**,

                Plaintiff,

      -against-

**TARGET CORPORATION,**

               Defendant.
------------------------------------------------------------------X

FILED:
INDEX NO:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, LIAKAS LAW, P.C., complaining of the defendants herein, respectfully shows to this court and alleges as follows:

1. That Plaintiff, **SANOPHIA STOKES**, at all times herein mentioned, was and still is a resident of the State of New York.

2. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** was an entity organized and existing under and by virtue of the laws of the State of New York.

3. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** maintained a principal place of business in the State of New York

6. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** conducted and carried on business in the State of New York.

7. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** transacted business within the State of New York

8. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** expected or should have reasonably expected its acts to have consequences in the County of Kings, City and State of New York.

10. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** owned the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

11. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** was the lessor of the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

12. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** was the lessee of the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

13. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees managed the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

14. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees operated the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

15. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees maintained the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

16. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees controlled the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

17. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees supervised the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

18. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION**, defendant's servants, agents, and/or employees inspected the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

19. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees repaired

the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

20. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees designed the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

21. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees renovated the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

22. That at all the times hereinafter alleged, and upon information and belief, the Defendant, **TARGET CORPORATION,** and Defendant's servants, agents and/or employees constructed the premises, located at 519 Gateway Drive in the County of Kings, City and State of New York.

23. That at all the times hereinafter alleged, and upon information and belief, it was the duty of Defendant**, TARGET CORPORATION,** and Defendant's servants, agents and/or employees to maintain said premises, located, at 519 Gateway Drive in the County of Kings, City and State of New York, in a reasonably safe and suitable condition.

24. That on or about May 25, 2020, the Plaintiff**, SANOPHIA STOKES**, was lawfully upon the aforesaid premises.

25. That on or about May 25, 2020, the Plaintiff**, SANOPHIA STOKES,** was caused to be seriously injured when she was caused to trip/slip and fall due to a foreign object and/or otherwise defective condition at the aforesaid premises.

26. That this occurrence was caused by reason of the negligence, carelessness and recklessness of the Defendant(s), and/or Defendant's agents, servants and/or employees, in the ownership, management, maintenance, control, supervision, inspection, repair, design, renovation and construction of the aforesaid premises, located at 519 Gateway Drive in the County of Kings, City and State of New York, in creating said defective condition; in failing to properly inspect, remedy and/or remove said dangerous condition.

27. The Defendant(s), herein was negligent, reckless and careless in that they violated its duties to persons lawfully on the aforesaid premises and to this Plaintiff, **SANOPHIA STOKES**, in particular, in knowingly, permitting, suffering and allowing a defective, dangerous, trap like condition to be present at the aforesaid premises, become and remain in a defective, dangerous and unsafe, and were further negligent in failing to take suitable precautions for the safety of persons lawfully at the aforesaid premises. Specifically, in failing to give any notice or warning to Plaintiff of said dangerous condition.

28. That the aforesaid accident and the injuries resulting therefrom were due solely and wholly, as the result of the careless and negligent manner in which the Defendant(s) owned, managed, operated, maintained, controlled, supervised, inspected, repaired, designed, renovated, and constructed the aforesaid premises, without the Plaintiff contributing in any way thereto.

29. That by reason of the foregoing and the negligence of Defendant(s), the Plaintiff, **SANOPHIA STOKES**, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

30. That by reason of the foregoing, the Plaintiff, **SANOPHIA STOKES,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable

therefore, for medicines and upon information and belief, Plaintiff will necessarily incur similar expenses.

31. That by reason of the foregoing, the Plaintiff, **SANOPHIA STOKES**, has been unable to attend to her usual occupation in the manner required.

32. That one or more of the provisions of §1602 of the Civil Practice Law and Rules do apply to the within action.

33. That pursuant to the Governor's Declaration of Disaster Emergency in New York State in Executive Order 202 due to the COVID-19 pandemic, together with subsequently issued Executive Orders, including without limiting thereto EO 202.8, EO 202.14, EO 202.28, EO 202.48, EO 202.55, EO 202.60 and EO 202.67, the statute of limitations in the within action has been tolled and extended to remedy the Plaintiff's inability to file the within action resulting from the Administrative Orders of the New York State Chief Administrative Judge, Lawrence K. Marks, prohibiting electronic filing and the commencement of new actions until further notice in non-essential matters, including without limiting thereto Administrative Orders AO-78-20 and AO-85-20.

34. That as a result of the foregoing, the Plaintiff, **SANOPHIA STOKES,** sustained damages in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction

35. That by reason of the foregoing, the Plaintiff, **SANOPHIA STOKES,** was damaged in an amount exceeding seventy-five thousand dollars.

**WHEREFORE,** the Plaintiff, **SANOPHIA STOKES,** demands judgment against the defendants in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, together with costs and disbursements of this action, and with interest from the date of the accident, in an amount to be determined upon trial of this action.

Dated: New York, New York
April 23, 2021

**LIAKAS LAW, P.C.**

/s/
_____
BY: Dean N. Liakas, ESQ.
*Attorney for Plaintiff*
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765

STATE OF NEW YORK )

                            ) ss

COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for Plaintiff in the within action; I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
        April 23, 2021

**LIAKAS LAW, P.C.**

/s/
_____
BY: Dean N. Liakas, ESQ.
*Attorney for Plaintiff*
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

**SANOPHIA STOKES,**

                                                 Plaintiff,

                                -against-

**TARGET CORPORATION,**

                                                 Defendant.

---

LIAKAS LAW, P.C.
65 Broadway, 13th Floor
New York, New York 10006
212.937.7765

---

**SUMMONS AND VERIFIED COMPLAINT**

---

STATE OF NEW YORK, COUNTY OF YORK, SS:

      DEAN N. LIAKAS, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

      I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
      April 23, 2021                                                        /S/

                                                                             _____
                                                                             Dean N. Liakas, Esq.

---

PLEASE TAKE NOTICE

( )    that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on at

---